1

2

3

4

5

6

7

8                                IN THE UNITED STATES DISTRICT COURT

9                              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TIFFANY ANDRA,

11                  Petitioner,                       No. CIV-S-08-2825 KJM P

12        vs.

13   TINA HORNBECK,

14                  Respondent.                      <u>ORDER</u>

15   _____/

16            Petitioner is a California prisoner proceeding pro se with an application for writ of

17   habeas corpus under 28 U.S.C. § 2254.  Petitioner stands convicted of multiple offenses,

18   including identity theft, commercial burglary, forgery, unlawful taking of a vehicle and

19   possession of a stolen vehicle.  She is serving an aggregate term of fifteen years and eight

20   months' imprisonment in the California Department of Corrections and Rehabilitation (CDCR).

21   Petitioner challenges her convictions and sentence.

22   I.  <u>Standard of Review</u>

23            An application for a writ of habeas corpus by a person in custody under a

24   judgment of a state court can be granted only for violations of the Constitution or laws of the

25   United States.  28 U.S.C. § 2254(a).  Federal habeas corpus relief also is not available for any

26   /////

claim decided on the merits in state court proceedings unless the state court's adjudication of the

claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (referenced herein in as "§ 2254(d)" or "AEDPA").[1]  It is the habeas

petitioner's burden to show he is not precluded from obtaining relief by § 2254(d).  <u>See</u>

<u>Woodford v. Visciotti</u>, 537 U.S. 19, 25 (2002).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are

different.  As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts.  The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case.  The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in <u>Williams</u> [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

<u>Bell v. Cone</u>, 535 U.S. 685, 694 (2002).  A state court does not apply a rule different from the

law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply

fails to cite or fails to indicate an awareness of federal law.  <u>Early v. Packer</u>, 537 U.S. 3, 8

(2002).

The court will look to the last reasoned state court decision in determining

whether the law applied to a particular claim by the state courts was contrary to the law set forth

---

[1]  Title 28 U.S.C. § 2254(d) establishes a precondition to federal habeas relief, not grounds for entitlement to habeas relief.  <u>Fry v. Pliler</u>, 551 U.S. 112, 118-19 (2007).

1   in the cases of the United States Supreme Court or whether an unreasonable application of such

2   law has occurred.  Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002), cert. dismissed, 538 U.S.

3   919 (2003).  Where the state court fails to give any reasoning whatsoever in support of the denial

4   of a claim arising under Constitutional or federal law, the Ninth Circuit has held that this court

5   must perform an independent review of the record to ascertain whether the state court decision

6   was objectively unreasonable.  Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).  In other

7   words, the court assumes the state court applied the correct law, and analyzes whether the

8   decision of the state court was based on an objectively unreasonable application of that law.  If

9   the state court does not reach the merits of a particular claim, de novo review applies.  Lewis v.

10  Mayle, 391 F.3d 989, 996 (9th Cir. 2004).

11          "Clearly established" federal law is that determined by the Supreme Court.

12  Arredondo v. Ortiz, 365 F.3d 778, 782-83 (9th Cir. 2004).  At the same time, it is appropriate to

13  look to lower federal court decisions as persuasive authority in determining what law has been

14  "clearly established" and the reasonableness of a particular application of that law.  Duhaime v.

15  Ducharme, 200 F.3d 597, 598 (9th Cir. 1999); Clark v. Murphy, 331 F.3d 1062 (9th Cir. 2003),

16  overruled on other grounds, Lockyer v. Andrade, 538 U.S. 63 (2003); cf. Arredondo, 365 F.3d at

17  782-83 (noting that reliance on Ninth Circuit or other authority outside bounds of Supreme Court

18  precedent is misplaced).

19  II.  Analysis

20          Petitioner's first claim concerns the fact that she was sentenced to four years'

21  imprisonment for unlawful taking of a vehicle, a violation of California Vehicle Code § 10851.

22  That sentence was imposed under California Penal Code § 666.5, which authorizes a sentence of

23  two, three or four years' imprisonment for a violation of California Vehicle Code § 10851, if the

24  person convicted has previously been convicted of a violation of California Vehicle Code

25  § 10851, as had petitioner.  According to the trial court, petitioner was given the high end

26  /////

1  because of her "adjudicated record which [was] not otherwise . . . used to enhance any sentencing

2  in this case." RT 1391:15-19. Petitioner claims this was improper:

3            Under recent United States Supreme Court decisions, the only
             circumstance that can be used to justify imposition of the upper
4            term, other than facts found by the jury beyond a reasonable doubt,
             is "the fact of a prior conviction," and this does not include a
5            general reference to a defendant's record, but refers to
             enhancements to sentence based on a finding that the defendant has
6            suffered a specific prior conviction.

7  Pet. at 5.

8        In Apprendi v. New Jersey, 530 U.S. 466, 490-91 (2000), the Supreme Court held

9  that in light of the Sixth Amendment right to a jury trial, any fact that increases a penalty for a

10  crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must

11  be submitted to a jury and proved beyond a reasonable doubt. See also Cunningham v.

12  California, 549 U.S. 270, 288 (2007). As the Court clarified in Cunningham, the prescribed

13  statutory maximum for an offense in California is the middle term; for petitioner's conviction

14  offense of unlawful taking of a vehicle with a prior conviction for that same offense, then, the

15  statutory maximum is the middle term of three years. Id., 549 U.S. at 293.

16        Petitioner effectively admits it would have been proper for the trial court to

17  impose the high end of the range of sentences authorized by California Penal Code § 666.5 on a

18  finding that petitioner sustained a prior conviction. Petitioner does not believe that is what

19  happened in her case though. She asserts she received the high end based on the court's "general

20  reference to [her] record," which, she says, does not satisfy the Apprendi/Cunningham exception

21  for a "fact of a prior conviction." Pet. at 5. Petitioner does not point to anything suggesting she

22  does not have a prior conviction providing a basis for imposition of the high end, or that the trial

23  court was not, at least in part, pointing to such a conviction as a basis for imposing the high term.

24  A review of the transcript of petitioner's sentencing hearing and the criminal record identified in

25  her pre-sentencing report reveals that her prior felony convictions for evading arrest (Cal. Veh.

26  Code § 2800.2) and possession of narcotics (Cal. Health & Safety Code § 11377(a)), as well as

1   other convictions, were not used for any purpose other than for imposition of the maximum

2   sentence under California Penal Code § 666.5.  <u>See</u> RT 1389-1394; CT 549-561, 574.  Petitioner

3   has not met her burden of establishing entitlement to habeas relief based on a violation of a Sixth

4   Amendment right.

5             Petitioner's second claim is that she was subjected to ineffective assistance of

6   counsel in violation of the Sixth Amendment.  In order to establish ineffective assistance of

7   counsel, a petitioner must show two things.  First, a petitioner must show that, considering all the

8   circumstances, counsel's performance fell below an objective standard of reasonableness.

9   <u>Strickland v. Washington</u>, 466 U.S. 668, 688 (1984).  Second, a petitioner must affirmatively

10   prove prejudice.  <u>Id</u>. at 693.  Prejudice is found where "there is a reasonable probability that, but

11   for counsel's unprofessional errors, the result of the proceeding would have been different."  <u>Id</u>.

12   at 694.

13             Petitioner claims counsel was ineffective for failing to conduct an investigation to

14   support a motion to suppress evidence obtained from the home of Timothy Rourkes, outside of

15   which petitioner was arrested.  While petitioner claims the evidence was deemed inadmissable

16   with respect to charges filed against Mr. Rourkes, petitioner fails to point to anything suggesting

17   a motion to suppress would have been meritorious with respect to any charges filed against her.

18   Furthermore, in <u>Rakas v. Illinois</u>, 439 U.S. 128, 134 (1978), the Court found that, generally

19   speaking, "[a] person who is aggrieved by an illegal search and seizure only through the

20   introduction of damaging evidence secured by a search of a third person's premises . . . has not

21   had any of his Fourth Amendment rights infringed."  Because petitioner has not shown there is

22   any way she can satisfy <u>Strickland</u>'s second prong, her ineffective assistance of counsel claim

23   must be rejected.

24             For the foregoing reasons, petitioner's application for writ of habeas corpus will

25   be denied.

26   /////

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Petitioner's application for writ of habeas corpus is denied; and

2.  This case is closed.

DATED:  October 5, 2010.

_____
U.S. MAGISTRATE JUDGE

1
andr2825.157